UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-481-RJC
(3:05-cr-46-RJC)

| | | |
|---|---|---|
| JOSEPH MIKE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, under 28 U.S.C. § 2255, (Doc. No. 1), the Government's Response, (Doc. No. 13), Petitioner's Reply, (Doc. No. 15), and proposed amendments to the Motion to Vacate, (Doc. Nos. 5, 9, 16). For the reasons stated below, the Court will deny and dismiss the motion and proposed amendments.

I. BACKGROUND

On November 4, 2005, Petitioner pled guilty pursuant to a written plea agreement to conspiracy to possess with intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A), and 851. (Case No. 3:05-cr-46, Doc. No. 25: Plea Agreement; Doc. No. 26: Acceptance and Entry of Guilty Plea; Doc. No. 96: Plea Hr'g Tr. at 18). The Court scheduled a sentencing hearing for March 27, 2006, but the defendant failed to appear. (Id., Doc. No. 43: Arrest Warrant). Over the objection of defense counsel, the Court sentenced Petitioner in absentia on October 1, 2010, after finding that his non-appearance was voluntary. (Id., Doc. No. 82: Motion; Doc. No. 95: Sent. Hr'g Tr. at 2-3, 10-11, 13-16). Based on Petitioner's guilty

plea and the § 851 notice filed by the Government, the Court sentenced Petitioner to the mandatory sentence of life imprisonment and entered Judgment on October 21, 2010.[1] (Id., Doc. No. 88: Judgment at 1-2). Petitioner did not file an appeal, but was later apprehended and began serving his sentence in or about August 2011. (Doc. No. 2: Motion at 1).

Petitioner timely filed the instant § 2255 motion through new counsel on September 26, 2011, raising one ground for relief: that former counsel was ineffective for failing to file a notice of appeal to preserve his right to be present at the sentencing hearing. (Case No. 3:05-cr-46, Doc. No. 97: Motion at 5; Memorandum at 6-9). Petitioner subsequently filed untimely proposed amendments through counsel and pro se claiming: (1) that former counsel was ineffective for pressuring Petitioner to plead guilty when he could have prevailed at trial, (Doc. No. 2: Motion); (2) that the Government's filing of the § 851 notice was arbitrary and capricious, (Doc. No. 9: Amended Motion); and (3) that Petitioner was misinformed about the impact of the § 851 notice on his sentence, (Doc. No. 16: Motion to Amend).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . . " in order to determine whether a petitioner is entitled to any relief. If the motion is not dismissed after that initial review, a court must direct the Government to respond. Id. A court must then review the Government's answer and any materials submitted by the parties and determine whether an evidentiary hearing is warranted pursuant to Rule 8(a).

[1] The Government had filed a Motion for Downward Departure, (Case No. 3:05-cr-46, Doc. No. 41), but withdrew it when Petitioner failed to appear for sentencing, (Id., Doc. No. 86: Motion).

A district court may dismiss a petitioner's claim without an evidentiary hearing when the pleadings and additional materials submitted by the parties conclusively show that a petitioner is not entitled to relief on any of his claims. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III. DISCUSSION

A. Failure to File an Appeal

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 668, 687-92 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

To demonstrate prejudice, Petitioner must show a probability that the alleged errors worked to his "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Murray v. Carrier, 477 U.S. 478, 494 (1986) (emphasis in original) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)). Under these circumstances, Petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983)). If Petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697).

In considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was

fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

Petitioner claims former counsel was deficient for failing to file a notice of appeal in Petitioner's absence. (Doc. No. 1: Memorandum at 8-9). However, Petitioner's reliance on Roe v. Flores-Ortega, 528 U.S. 470 (2000), for that proposition is misplaced. In that case, the Supreme Court recognized that "the decision to appeal rests with the defendant." Id., 463 U.S. at 479. Where a defendant has not instructed counsel to appeal, the first question is whether counsel deficiently failed to consult with the defendant about an appeal. Id. at 478. Therefore, the Court held

> that counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known.

Id. at 480.

Here, the record clearly shows that Petitioner's voluntary absence prevented counsel from discharging his duty to consult about an appeal. Additionally, a defendant who has fled and remains a fugitive is not entitled to appellate relief. United States v. Vasquez-Gutierrez, 335 F.3d 731, 732 (8th Cir. 2003) (citing Molinaro v. New Jersey, 396 U.S. 365, 366 (1970)). Therefore, counsel's performance in not filing an appeal was not objectively unreasonable.

B. Proposed Amendments

Petitioner asserts other grounds for relief as proposed amendments to his initial Motion to Vacate. (Doc. Nos. 5, 9, 16). Rule 15 of the Federal Rules of Civil Procedure

governs the procedure for amending § 2255 motions. United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000). Absent bad faith, undue prejudice to the opposing party, or futility of amendment, leave to amend under Rule 15(a) is freely given. Id. (citing Forman v. Davis, 371 U.S. 178, 182 (1962)).

A cause of action barred by an applicable statute of limitations is futile; therefore, an untimely amendment can be denied. Id. However, Rule 15(c) allows time-barred amendments if they "relate back" to the original pleading. Id. Rule 15(c) is satisfied "when 'the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading.'" Id. (quoting Fed. R. Civ. P. 15(c)(2), now codified as Fed. R. Civ. P. 15(c)(1)(B)). The Supreme Court has held that permissible new claims must relate to a "common core of operative facts" as the timely claims. Maye v. Felix, 545 U.S. 644, 664 (2005).

The Judgment was entered on October 21, 2010. (Case No. 3:05-cr-46, Doc. No. 88). Petitioner's conviction became final on or about November 4, 2010, when the time to file an appeal to the United States Court of Appeals for the Fourth Circuit expired. Clay v. United States, 537 U.S. 522, 524-25 (2003). Therefore, the limitations period under the Anti-Terrorism and Effective Death Penalty Act (AEDPA) expired one year later on November 4, 2011. See 28 U.S.C. § 2255. Because Petitioner filed his first Motion for Leave to File Amended Petition on December 2, 2011, after the one-year limitation period, it and subsequently filed proposed amendments are untimely.

Petitioner's proposed amendments are not saved by Rule 15(c) because they do not relate back to his original Motion to Vacate, in which Petitioner claims that former counsel unreasonably failed to file a notice of appeal in his absence. (Doc. No. 1: Motion

at 5; Memorandum at 6-9). In the first proposed amendment, Petitioner claims that former counsel was ineffective for pressuring him to plead guilty. (Doc. No. 2: Motion at 2; Memorandum at 11-12). In the second proposed amendment, Petitioner claims that the Government's filing of the § 851 notice was arbitrary and capricious. (Doc. No. 9: Amended Motion at 1). In the third proposed amendment, Petitioner claims that the Court, former counsel, and the Government misinformed him about the impact of the § 851 notice on his sentence. (Doc. No. 16: Motion to Amend at 2). None of the new claims arise from the common core of operative facts as the initial claim about counsel's failure to file a notice of appeal.

In United States v. Prescott, 221 F.3d 686 (4th Cir. 2000), the Fourth Circuit instructed that while § 2255's limitation period is subject to equitable tolling, it is an extraordinary remedy that is sparingly granted. Id. at 688. The Fourth Circuit has further opined that such remedy must be "reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). In order to be entitled to equitable tolling, "an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" Sosa, 364 F.3d at 512 (citing Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)).

The Government asserts the statute of limitations barrier to the proposed amendments in its Response. (Doc. No. 13 at 9-11). In Petitioner's Reply, counsel does not assert any grounds for equitable tolling. (Doc. No. 15). However, counsel states in

the Motion for Leave to File Amended Petition that she filed the initial motion on September 26, 2011, without meeting with Petitioner. (Doc. No. 2: Motion at 2). After that, she met with him, and conducted research, and reviewed court documents, all of which occurred before the limitations period ran on November 4, 2011. (Id. at 2-3). Petitioner pro se alludes to being in protective custody for much of his incarceration as limiting contact with counsel. (Doc. No. 9: Amended Motion at 2).

Neither counsel nor Petitioner acknowledge that he was a fugitive for approximately nine months of the limitations period. Additionally Petitioner offers no information regarding the length of the purported lock-downs or explanation as to how and/or why they impacted his ability to file timely amendments. Thus, he has not met his burden of showing that any lock-down was not "reasonably related to legitimate penological interests" as is required in order to establish an unconstitutional impediment. Akins v. United States, 204 F.3d 1086, 1090 (11th Cir. 2000).[2]

Based on the foregoing, Petitioner is not entitled to equitable tolling of the statute of limitations for proposed amendments because he has not demonstrated extraordinary circumstances beyond his own conduct that warrant such tolling. Therefore, they are untimely.

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that**:**

1. Petitioner's Motion to Vacate (Doc. No. 1) is **DENIED** and **DISMISSED** with prejudice; and

---

[2] A prison lock-down is generally not considered to be a constitutional impediment to the filing of a § 2255 motion. Atkins, 204 F.3d at 1090-91; see also Dodd v. United States, 365 F.3d 1273, 1283 (11th Cir. 2004) (prison lock-downs are not extraordinary circumstances in which equitable tolling is appropriate).

2. Petitioner's Proposed Amendments (Doc. Nos. 5, 9, 16) are **DISMISSED** as untimely; and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: December 3, 2013

Robert J. Conrad, Jr.
United States District Judge